(95 South. 270)

## MATHEWS v. MATHEWS et al.   (7 Div. 362.)

(Supreme Court of Alabama.   Feb. 1, 1923.)

Wills &#x6266;672(1)—Will construed to create trust estate in widow rather than life estate.

A will which under item 1 gave the testator's wife a life interest in certain property subject "to the trust as set forth, and created by item two of this will," and which in item 2 appointed the widow executrix and trustee and made express provisions for the sale of the property and the reinvestment of the income, made the widow a trustee rather than a life tenant of the estate.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

Bill by Thomas Rex Mathews against Monnie E. Mathews and others. From a decree denying relief, complainant appeals. Affirmed.

Knox, Acker, Dixon & Sims, of Talladega, for appellant.

The testator's intention, if legal, is the law of the instrument. 208 Ala. 2, 93 South. 695.

J. B. Sanford, of Talladega, for appellees.

If there is a conflict between two clauses of a will, which cannot be reconciled, the latter clause must prevail. 205 Ala. 523, 88 South. 651.

GARDNER, J. The original bill in this cause was filed by appellant, seeking a sale for division of the real estate therein described, upon the theory that the parties to this cause owned the property as tenants in common; complainant having received a title from his mother, Monnie E. Mathews, for her interest in the same.

T. J. Mathews, the husband' of Monnie E. Mathews and the father of the other parties to the cause, died in 1919, leaving a will which has been duly probated, a copy of which is attached as exhibit to the bill.

Complainant insists that under the provisions of this will the widow of T. J. Mathews, Monnie E. Mathews, was given an estate for life in the property, with remainder to the children. The widow filed answer, which she seeks also to have considered as a cross-bill, seeking a construction of the will as to whether or not the property vested as contended by complainant,' or whether said respondent held the same as trustee for the purposes therein named.

The court below reached the conclusion that the legal title did not vest in the parties to the suit, as insisted by complainant, but that the widow held the same as trustee, with authority to sell the property for reinvestment as directed by the will, and the original bill was dismissed. This is the sole question for determination; and we are persuaded the trial court properly construed the will in this respect.

While in the first portion of paragraph 1 of the will the widow is given a life interest in the property of the testator with remainder over to the children upon her death or remarriage, yet it is expressly provided therein that such disposition of the property is subject "to the trust as set forth and created by item two of this my will." In the second item of the will the widow is appointed executrix and trustee, and express provision is made for a sale of the property in a certain manner for reinvestment, as well as direction as to how the proceeds of the sale shall be reinvested. The widow as trustee is authorized to appropriate the annual income and proceeds of the estate, first, such part thereof as is suitable and necessary for her own comfort and convenience during her life or until her remarriage, and, second, distribution of the surplus, in equal proportion, to be used for the maintenance, education, and general welfare of the children. '

We are therefore of the opinion that the gift to the wife of a life estate was made expressly subject to the trust character of the estate as set forth and provided in item 2 of the will, and that she holds the title as trustee under the terms thereof, and with the express power given for a sale of the property in the manner provided in the will for the purposes of reinvestment. This is the sole question determined in the court below,

---

&#x6266;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and which we are by this appeal asked to review.

It results that the decree of the court below is correct, and will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.